IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD BOCK, ET AL. | : | |
| | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | NO.  07-CV-412 |
| CVS PHARMACY, INC. | : | |
| | : | |
| Defendant | : | |

**<u>MEMORANDUM OPINION & ORDER</u>**

GOLDEN, J.                                                     AUGUST 13, 2008

Before the Court is defendant's motion for partial summary judgment.  The Court will

grant the motion for the reasons that follow.

**STANDARD OF REVIEW**

Summary judgment should be granted if the record, including pleadings, depositions,

affidavits, and answers to interrogatories, demonstrates "that there is no genuine issue as to any

material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ.

P. 56(c).  In making that determination, the "evidence of the non-movant is to be believed, and

all justifiable inferences are to be drawn in his favor."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S.

242, 255 (1986).  The question is whether "the evidence presents a sufficient disagreement to

require submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law."  <u>Id.</u> at 251-52.  It is not the role of the trial judge "to weigh the evidence and determine

the truth of the matter, but to determine whether there is a genuine issue for trial," <u>id.</u> at 250,

because "[c]redibility determinations, the weighing of the evidence, and the drawing of

legitimate inferences from the facts are jury functions, not those of a judge."  <u>Id.</u> at 255.

**BACKGROUND**

Plaintiff Richard Bock was a Pepsi product deliveryman, and on September 21, 2005, he made a delivery to defendant's Store Number 974 in Allentown.  Def.'s Statement of Undisputed Facts ("Def.'s Stmt.") at ¶¶ 2, 3, 19.[1]  Plaintiff left the store through a steal overhead door in the rear, and as he walked through the doorway the door fell and struck him on the head, causing serious injuries.  Am. Compl. at ¶¶ 6, 10.

About a month later, and shortly before Halloween, plaintiff returned to work on a "light duty" restriction.  Def.'s Stmt. at ¶ 7.  He rode along with the employee now delivering Pepsi products to Allentown Store Number 974.  Id. at ¶ 8.  While plaintiff's co-worker made his deliveries, plaintiff entered the stockroom of Store 974 through a doorway with flashing red lights and a sign reading "hard hats required beyond this point."  Id. at ¶ 10.  Inside, plaintiff encountered a mannequin dressed in a wig and Pepsi hat, and he noticed that there was an "X" taped to the floor below the steal overhead door where he had been injured a month before.  Id. at ¶ 15.  Plaintiff confronted the store manager, who admitted that he had constructed the scene.  Id. at ¶ 17.[2]  Plaintiff then became upset and left the store.  Id. at ¶¶ 18, 21.  Once outside, plaintiff experienced numbness in the last two fingers of each of his hands.  Id. at ¶ 21.  Plaintiff's neurologist examined his fingers a week after the incident, and attributed the numbness to carpal tunnel syndrome.  Id. at ¶ 23.

---

[1] Defendant submitted a Statement of Undisputed Facts, and plaintiffs filed a Response to Defendant's Statement of Undisputed Facts in which they admitted, denied, or supplemented defendant's Statement.  Because plaintiffs are the non-movants, their evidence is to be believed and all inferences drawn in their favor.  Anderson, 477 U.S. at 255.  Thus, when the Court cites to Defendant's Statement of Undisputed Facts, it is because plaintiffs have either admitted or not disputed the veracity of defendant's submissions.

[2] For the purposes of deciding this motion, the Court will assume that defendant is liable for the acts of its store manager.

Plaintiff now sues for negligence stemming from the door injury, and intentional infliction of emotional distress stemming from the dummy incident. His wife also sues for loss of consortium. Defendant seeks summary judgment on the emotional distress claim.

### ANALYSIS

The Pennsylvania Supreme Court has called intentional infliction of emotional distress a "most limited" tort, Hoy v. Angelone, 720 A.2d 745, 755 (Pa. 1998), and there is still some question as to whether Pennsylvania recognizes it as a valid cause of action. See id. at 753 n.10. In order to recover, a plaintiff must show conduct so extreme and outrageous that it intentionally or recklessly caused him severe emotional distress. Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000) (*citing* Restatement (Second) of Torts § 46). Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 995 (Pa. 1987) (internal quotations and citations omitted). It "has not been enough that the defendant has acted with intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice, or a degree of aggravation that would entitle the plaintiff to punitive damages for another tort." Hoy, 745 A.2d at 754 (internal quotations and citations omitted). Generally, "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Kazatsky, 527 A.2d at 991 (internal quotations and citations omitted). It is appropriate to resolve this dispute via summary judgment because "it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous [as] to permit recovery." Johnson v. Caparelli, 625 A.2d 668, 671 (Pa.

3

Super. Ct. 1993), *appeal denied*, 647 A.2d 511 (Pa. 1994).

A plaintiff seeking to establish intentional infliction of emotional distress must also support his claim with "competent medical evidence," because "it is unwise and unnecessary to permit recovery to be predicated on an inference based on the defendant's 'outrageousness' without expert medical confirmation that the plaintiff actually suffered the claimed distress." Kazatsky, 527 A.2d at 995; see also Bolden v. SEPTA, 21 F.3d 29, 35 (3d Cir. 1994).

Plaintiff has not established the requisite level of outrageousness.  In Hoy, the Pennsylvania Supreme Court provided examples of the type of conduct that would entitle a plaintiff to recover for intentional infliction of emotional distress.  See id. at 754.  In Papieves v. Lawrence, 263 A.2d 118 (Pa. 1970), the defendant killed plaintiff's son in a hit and run accident and buried the boy in a field where authorities discovered him two months later.  Id. at 119.  In Banyas v. Lower Bucks Hosp., 437 A.2d 1236 (Pa. Super. Ct. 1981), defendants falsified medical records in order to implicate plaintiff in the death of a patient, leading to plaintiff's indictment for homicide.  Id. at 1237-38.  In Chuy v. Philadelphia Eagles Football Club, 595 F.2d 1265 (3d Cir. 1979), defendant's team physician falsely informed the media that plaintiff suffered from a fatal disease.  Id. at 1269-70.

The difference between these examples and defendant's conduct is instructive.  Unlike the present dispute, the Pennsylvania Supreme Court's citations implicated matters life and death.  They also involved repeated conduct over time, whereas plaintiff seeks recover for a single, isolated incident.  These cases involved intentional fabrications, accusations targeting the things that the plaintiffs held most dear, and complete disregard for common decency.  By contrast, defendant's conduct here amounts to at most an elaborate and highly insensitive joke.

This case is closer to Shaffer v. Burger King Corp., 2001 WL 1167392 (E.D. Pa. Sept. 28, 2001), where plaintiff alleged that her supervisor frequently "teased her about her disability." Id. at *2.  Finding that such conduct did not constitute the requisite level of outrageousness, the district court granted summary judgment.  Id. at *2-3; see also Thompson v. AT&T Corp., 371 F. Supp. 2d 661, 686-87 (W.D. Pa. 2005) ("Mistreating someone based upon their disability is certainly rude and unacceptable behavior, . . . but such actions do not equate with the extreme and outrageous conduct necessary to maintain an action for intentional infliction of emotional distress.").  Like Shaffer and Thompson, defendant here made light of defendant's unfortunate physical limitations.  Though such conduct was regrettable and crude, there "is no occasion for the law to intervene in every case where someone's feelings are hurt."  Kazatsky, 527 A.2d at 992 (internal quotations and citations omitted).

Evening assuming that defendant's conduct was sufficiently outrageous, plaintiff's claim would still fail because he presents no competent supporting medical evidence.  Plaintiff's sole evidentiary support for this claim is an addendum to one of his expert reports stating that "it is likely" that the numbness in plaintiff's fingers was the result of the October 21, 2005 incident.  Addendum to Report of Martin Diorio, Ph.D., (Dkt. Doc. No. 43-5).  The Court need not consider this evidence, however, because plaintiff did not provide Dr. Diorio's sworn affidavit in conjunction with the addendum as Federal Rule of Civil Procedure 56(e) requires.  See Fowle v. C&C Cola, 868 F.2d 59, 67 (3d Cir. 1989).  In Fowle, the Third Circuit affirmed the district court's grant of summary judgment, finding that an unsworn expert report was "not competent to be considered on a motion for summary judgment" because the "report was not attached to an affidavit or deposition of [plaintiff's expert]."  Id.  In the present case, plaintiff provides nothing

more than a one page addendum to Dr. Diorio's initial report.  He offers no affidavit authenticating the addendum or the original report, and points to no supporting deposition testimony.  Such material is inadmissible, and the Court will therefore "decide this case without reference to the unsworn expert's report."  Id.; see also Jackson v. Egyptian Navigation Co., 222 F. Supp. 2d 700, 709 (E.D. Pa. 2002) ("This unsworn report does not meet the requirements of Fed. R. Civ. P. 56(e)"); Leo v. State Farm Mut. Ins. Co., 939 F. Supp. 1186, 1192 (E.D. Pa. 1996) (unsworn expert's letter "not competent to be considered on a motion for summary judgment").

The remaining record evidence does not support plaintiff's claim.  Dr. Diorio's initial report made no mention of the numbness in plaintiff's fingers, nor did the reports of plaintiff's other experts.  See Report of Robert Mauthe, M.D., (Dkt. Doc. No. 32-13); Report of Martin Diorio, Ph.D., (Dkt. Doc. No. 32-14); Report of Luke Ciaccio, Ph.D., (Dkt. Doc. No. 32-15).  Morever, plaintiff admits that his own neurologist attributed the numbness in his fingers to carpal tunnel syndrome.  Def.'s Stmt. at ¶ 23.  If carpal tunnel syndrome, and not defendant's conduct, caused the numbness in plaintiff's fingers, then defendant's actions could not have caused the claimed physical manifestation of plaintiff's emotional distress.  Plaintiff's lack of medical evidence thus renders this claim appropriate for summary judgment.

An appropriate Order and Judgment accompany this Memorandum Opinion.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RICHARD BOCK, ET AL.               :
                                   :
                   Plaintiffs      :    CIVIL ACTION
                                   :
        vs.                        :
                                   :    NO.  07-CV-412
CVS PHARMACY, INC.                 :
                                   :
                   Defendant       :

## ORDER & JUDGMENT

AND NOW, this 13th day of August, 2008, it is hereby ORDERED that defendant's

motion for partial summary judgment (Document No. 32) is GRANTED.

IT IS FURTHER ORDERED that JUDGMENT on Count III of plaintiffs' Amended

Complaint is entered in defendant's favor and against plaintiffs.


                              BY THE COURT:


                              /s/ Thomas M. Golden
                              THOMAS M. GOLDEN, J.